IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| BRANDY SUCKLEY, REANNAN SUCKLEY, BLAKE ISH, JYL ALBERTSON, MATHEW BAUMSTARK, DANIKA OWAN, DOC RITCHIE, LYNETTE COLE-PEREA, MANUEL PEREA, EMILY HOLLY, BRYAN FLEMING,<br><br>            Plaintiffs,<br><br>v.<br><br>THE CITY OF WILLISTON, NORTH DAKOTA,<br><br>            Defendant. | Case No. 21-cv-00012-CRH<br><br>**PROTECTIVE ORDER FOR DOGSBITE.ORG PRODUCTION** |

Upon consideration of the Motion for Entry of Protective Order by the Parties to this Action with the agreement of Third-Party, DogsBite.org, the Court enters the following Protective Order:

1) **Definitions.** As used in this Order:

   a. "Action" refers to the above-captioned litigation.

   b. "Discovery Material" means information produced by DogsBite.org (the "Producing Party") through discovery conducted pursuant to Federal Rule of Civil Procedure 45 in this Action.

   c. "Confidential Discovery Material" means information designated pursuant to Paragraph 2 that falls within one or more of the following categories, but only to the extent such information is not otherwise publicly available: (a) information prohibited from disclosure by statute; (b) information that is subject to an existing confidentiality agreement; (c) medical records or personal identity information concerning any individual that was provided to Producing Party under the condition that the information would remain confidential.

1

2) **Manner of Confidential Designation.** Producing Party shall affix a "CONFIDENTIAL" designation to any Confidential Discovery Material produced in this Action.

    a. For documentary information, Producing Party must affix the mark "CONFIDENTIAL" to each page that contains protected material.

    b. If only a portion of the information in a document qualifies for protection, the Producing Party must clearly identify the protected portions (e.g., by using highlighting, underlining, or appropriate markings in the margins).

    c. To designate non-documentary information (i.e., video or audio recordings) as "CONFIDENTIAL," Producing Party shall indicate via cover letter at the time of production what portions of the material are CONFIDENTIAL.

3) **Duty as to Designations**. Producing Party must limit any CONFIDENTIAL designation to the specific material that qualifies under Paragraph 1(c) and designate only those parts of the Discovery Material that qualify, so that other portions of the Discovery Material for which protection is not warranted are not swept unjustifiably within this Order.

4) **Timing of Confidential Designation.** Discovery Material that qualifies for protection under this Order must be clearly designated when the material is disclosed or produced.

5) **Challenges to Confidentiality Designations**. In the event of a dispute as to any confidentiality designation, the Parties and Producing Party will meet and confer in good faith to resolve the dispute. If the Parties and Producing Party are unable to resolve the dispute without Court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the Court to resolve that motion, the Confidential Discovery Material shall

be filed under restricted access pursuant to the court's electronic docketing procedures. The party challenging a confidentiality designation must continue to treat the challenged Confidential Discovery Material as "CONFIDENTIAL" unless and until the Court enters an order removing the "CONFIDENTIAL" designation or the producing party withdraws the "CONFIDENTIAL" designation in writing. The Producing Party bears the burden of proving that Confidential Discovery Material was properly designated as "CONFIDENTIAL" in any proceeding challenging the designation.

6) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material are:

   a. The Parties to this Action, including any members, council members, officers, board members, directors, employees, or other legal representatives of the Parties;

   b. Legal counsel representing the Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, trial services, or provide messenger or other administrative support services;

   c. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

   d. Deposition or trial witnesses in this Action to whom disclosure is reasonably necessary to prepare for or give testimony;

   e. Any mediator or arbitrator retained by the Parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

   f. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

   g. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony; and

    h. Any auditor or regulator of a Party entitled to review the confidential Discovery Material due to contractual rights or obligations, federal or state laws, or court orders, but solely for such contractual or legal purposes.

7) **Dissemination by the Parties.** Counsel for the Parties shall:

    a. Require deposition witnesses, trial witnesses, expert witnesses, or consultants who receive Confidential Discovery Materials to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Exhibit A before receiving Confidential Discovery Material. The prohibition on disclosing Confidential Discovery Material exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

    b. Instruct deposition witnesses, trial witnesses, expert witnesses, and consultants that disclosure of the Confidential Discovery Material is prohibited as set forth herein.

    c. Maintain the executed copies of the Exhibit A Agreement.

8) **Depositions.** The following procedures shall be followed at all deposition where Confidential Discovery Materials will be disclosed:

    a. Only Qualified Recipients may be present at a deposition when Confidential Discovery Material is disclosed or discussed.

    b. The portion of the deposition testimony which discloses or discusses Confidential Discovery Material is likewise deemed designated as "CONFIDENTIAL."

9) **Docket Filings.** The Parties may file documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, and evidence, containing Discovery Material if all CONFIDENTIAL information is redacted. The Parties may file Confidential Discovery Material without redactions by provisionally filing the document under restricted access with a motion for leave to file restricted access documents.

10) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A Party agreeing to the

4

entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial.

11) **No Effect on Other Issues.**

   a. Nothing herein shall restrict the Parties or a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

   b. This Order shall not be construed to prevent any Party or its representatives from using information which was lawfully in its possession prior to the production of such documents or information in the instant litigation or which was obtained from a source other than those subject to this Order.

   c. This Order shall not be construed to prevent any Party or its representatives from withholding the disclosure of any documents or information that is otherwise protected from disclosure under the Federal Rules of Civil Procedure (i.e. privileged, otherwise protected by law, irrelevant, beyond the scope of discovery, unduly burdensome).

12) **Return or Destruction of Documents.** Upon final termination of this Action, including all appeals, the Parties shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The Parties shall notify the Producing Party when destruction is complete. If the Parties are unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or their counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the Parties, the Producing Party, and their legal counsel in the future.

13) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior

written consent of the Producing Party or a supplemental Protective Order of the court.

14) **Sanctions**.

    a. Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power.

    b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL, the Producing Party shall promptly notify the Parties of the improper designation.

DATED: __March 4, 2022_____

                                            BY THE COURT:

                                            /s/ *Clare R. Hochhalter*
                                            United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| BRANDY SUCKLEY, REANNAN SUCKLEY, BLAKE ISH, JYL ALBERTSON, MATHEW BAUMSTARK, DANIKA OWAN, DOC RITCHIE, LYNETTE COLE-PEREA, MANUEL PEREA, EMILY HOLLY, BRYAN FLEMING, | Case No. 21-cv-00012-CRH |
| Plaintiffs, | **EXHIBIT A** |
| v. | |
| THE CITY OF WILLISTON, NORTH DAKOTA, | |
| Defendant. | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

DATED: _____

_____  _____
Printed Name                                                                 Signature