IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 1:21-cv-00012

| | | |
|---|---|---|
| Brandy Suckley, Reannan Suckley, Natasha Calderon, Shoghi Farr, Blake Ish, Jyl Albertson, Mathew Baumstark, Danika Owan, Doc Ritchie, Lynette Cole-Perea, Manuel Perea, Emily Holly, and Bryan Fleming, | ) ) ) ) ) ) ) | **SECOND AFFIDAVIT OF TAYLOR OLSON** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| The City of Williston, North Dakota, | ) ) | |
| Defendant. | ) | |

\*\*\*                         \*\*\*                         \*\*\*

STATE OF NORTH DAKOTA )
                                ) SS.
COUNTY OF WILLIAMS     )

      I, Taylor Olson, being first duly sworn, deposes and states as follows:

      1.      I remain the City Attorney for the City of Williston, North Dakota as explained in my initial affidavit that was filed in connection with the City's Brief in Opposition to Plaintiffs' Motion for Temporary Restraining Order (Doc # 27). The contents and attachments to my previous affidavit (Doc # 27) are incorporated by reference. This affidavit is submitted in connection with the City's Memorandum in Support of Motion for Summary Judgment.

      2.      As City Attorney, it is my duty to prosecute violations of the City's ordinances, including violations of § 4-89.

      3.      I have prosecuted violations of § 4-89 on numerous occasions. My affidavit will first explain the procedures of a § 4-89 violation.

- 1 -

### Procedures of a § 4-89 Violation

4.      First, a sworn law enforcement or animal control officer must establish reasonable suspicion that a violation of § 4-89 occurred to stop a potential violator.  If the officer believes a violation of § 4-89 occurred, that officer will issue a citation.

5.      Once a citation is issued, the dog owner is provided a date for their initial appearance. Prior to the initial appearance, I review the information received from the officer who issued the citation.  If the owner disputes the dog is a "pit bull dog" within the meaning of § 4-89, I will offer them the opportunity to have a DNA sample taken of the suspect dog at the City's expense.  If it appears a warrant is necessary to obtain the sample, I will obtain one from the municipal judge.

6.      Williston operates under a Commission system of government.  As a result, the municipal judge is licensed to practice law in the State of North Dakota and is elected by the public. The City's current elected municipal judge is the Hon. Janet Zander.  The Honorable Janet Zander has presided as municipal judge for the City of Williston since January 1, 1995.

7.      As a prosecutor, I exercise my discretion as to whether sufficient evidence exists to prosecute the violation of § 4-89. I believe the special responsibilities of a prosecutor, established in Rule 3.8 of the North Dakota Rules of Professional Conduct, are extremely important to the criminal justice system.

8.      At the initial appearance, the dog owner is provided a "Notification of Rights and Acknowledgment" form that advises the dog owner of their rights.  A true and correct copy of a blank sample "Notification of Rights and Acknowledgment" form is attached hereto as Exhibit # 1.

9.      As shown in the "Notification of Rights and Acknowledgement" form, the dog owners are provided numerous rights which include – but are not limited to – the right to counsel, enter a plea of guilty or not guilty, be presumed innocent, confront and cross-examine adverse witnesses, present witnesses to testify on their behalf and use the court's subpoena power to have witnesses appear at trial on their behalf, and have a trial by jury if requested in writing within 28 days following a plea of not guilty.

10.     Per the "Notification of Rights and Acknowledgement" form, the dog owner has the option to request a continuance, enter a plea of not guilty and request bench or jury trial, or enter a guilty plea.

11.     If the dog owner does not enter a guilty plea, I generally advise them of the option to have a DNA test conducted on their dog at the City's expense.  However, the dog owner is welcome to have their own DNA test conducted on their dog and present that as evidence.

12.     The City offers DNA tests to serve as a check against potential mistakes with visual identification only.  If, prior to trial, it becomes my opinion that the evidence does not support that the City will be able to prove a violation of § 4-89 beyond a reasonable doubt, I will drop the charges.  However, if it is my opinion the evidence supports that the City will be able to prove each element of § 4-89 beyond a reasonable doubt, I will proceed to trial absent a guilty plea.

13.     Regardless of whether the dog owner elects to proceed with a bench trial in municipal court or a jury trial in district court, the North Dakota Rules of Criminal Procedure and North Dakota Century Code govern the proceedings.  Therefore, a dog owner has all the same rights and procedures as any other criminal defendant within the State of North Dakota.

14.     The dog owner has the right to present their own evidence – including expert witnesses – at trial with the assistance of counsel.  Further the dog owner has the right to cross examine any witnesses called by the City just as any other criminal trial.

15.     If the dog owner proceeds with a bench trial in municipal court, and the municipal court finds the dog owner guilty of violating § 4-89, the dog owner may appeal to the district court for a new trial.  If the dog owner does not prevail in district court, they are afforded the opportunity to appeal the judgment to the North Dakota Supreme Court. This right to a Supreme Court appeal of the district court's judgment exists whether the dog owner initially elected to proceed with a jury trial or on appeal of the municipal court judgment in that venue.

16.     My affidavit will now set forth the relevant facts as they relate to the underlying prosecution of the remaining named Plaintiffs for violations of § 4-89.

### Reannan Suckley

17.     On February 10, 2020, Animal Control received a call from a City employee named Alyssa.  Alyssa reported to animal control that her sister picked up a Pit bull puppy. Animal Control confirmed the dog was picked up within the City Limits of Williston.  As the dog was loose, it was transported to the pound.  Reannan Suckley went to the pound to retrieve her dog where she was issued a citation for violation of § 4-89.  A true and correct copy of the Incident Report establishing the above statements that I reviewed as part of my evaluation of this case is attached hereto as Exhibit # 2.

18.     A photograph was taken of Suckley's dog as evidence.  A true and correct copy of the photograph taken of Suckley's dog as it appears in the City's records is attached hereto as Exhibit # 3.

19.     A true and correct copy of the February 10, 2020, North Dakota Uniform Complaint and Summons issued to Reannan Suckley as kept in the City's records is attached hereto as Exhibit # 4. As shown on the attached Exhibit # 4, Suckley was provided February 13, 2020, as the date of her initial appearance in municipal court.

20.     On February 13, 2020, Reannan Suckley presented for her initial appearance and signed her "Notification of Rights and Acknowledgement" form. Suckley submitted a not guilty plea on that date. As a result, she was provided a pretrial date of March 9, 2020. A true and correct copy of the executed "Notification of Rights and Acknowledgment" form and notice of pretrial as kept in the City's records are attached hereto as Exhibit # 5.

21.     On February 14, 2020, Nehring Law Office, PLLC provided notice that it was retained and would appear for Reannan Suckley with respect to the alleged violation of § 4-89. A true and correct copy of the "Notice of General Appearance by Counsel" as kept in the City's records is attached hereto as Exhibit # 6.

22.     Further, on February 14, 2020, Suckley's attorney filed a Rule 16 Discovery Request in accordance with the North Dakota Rules of Criminal Procedure and all other applicable law. A true and correct copy of the Rule 16 Discovery Request filed on Suckley's behalf is attached hereto as Exhibit # 7.

23.     Additionally, on February 14, 2020. Suckley's attorney filed an objection to any Rule 707 evidence, specifically, the introduction of any analytical reports submitted without the author. A true and correct copy of Suckley's "Objection to Rule 707 Evidence" is attached hereto as Exhibit # 8.

24.     A DNA test was conducted on Suckley's dog through WISDOM PANEL ™. On February 27, 2020, the results of the DNA test showed that her dog was 100% American

Staffordshire Terrier which is a prohibited breed under § 4-89. A true and correct copy of Animal Control Officer, Carli Wade's February 27, 2020, email to me and the information received from WISDOM PANEL ™ explaining the test results as kept in the City's file are attached hereto as Exhibit # 9.

25.     On March 4, 2020, Reannan Suckley submitted a letter to the City acknowledging her dog is the type of breed that is prohibited in the City of Williston and promising to keep her dog out of the City Limits. A true and correct copy of Suckley's March 4, 2020, letter as it appears in the City's file is attached hereto as Exhibit # 10.

26.     On March 9, 2020, Reannan Suckley executed a "Misdemeanor Petition to Enter Plea of Guilty." The agreement provided that Suckley will plead guilty to the class B Misdemeanor offense for violation of § 4-89, receive a 6-month deferred imposition of sentence of unsupervised probation, pay a $350 fine, her dog will be released to her immediately and she will have 10 days to have it removed from the city limits among other conditions. City Court Judge Janet Zander signed and dated the Petition on March 12, 2020. A true and correct copy of the "Misdemeanor Petition to Enter Plea of Guilty" signed by Suckley, her attorney, the municipal court judge and me, as it appears in the City's records, is attached hereto as Exhibit # 11.

27.     On March 12, 2020, Judge Zander executed an Order in accordance with the terms of the Guilty Plea. The Order provided the imposition of sentence shall be deferred until Tuesday, September 8, 2020. A true and correct copy of the March 12, 2020, Order signed by Judge Zander is attached hereto as Exhibit # 12.

28.     Reannan satisfied the conditions of her plea agreement and her case was dismissed. A true and correct copy of the "Register of Actions" for City of Williston v. Reannan Suckley,

Case No. WI-2020-CR-00457 as found on the North Dakota Odyssey system is attached hereto as Exhibit # 13.

### Jyl Albertson

29.    The following summary of the incident leading to Albertson's citation is based on the March 27, 2020, incident report which is kept in the City's files. On March 27, 2020, Albertson was pulled over by Officer Kayla Klapper for a traffic violation on the 700 block of 2nd Avenue West within the City of Williston. During the course of the traffic stop, Officer Klapper observed a dog in the front passenger's seat that resembled a Pit bull. While waiting for a return on Albertson's driving and registration status in her patrol car, Officer Klapper called Animal Control Officer, Carli Wade, to advise her of the situation. Wade requested Officer Klapper send a photo of the dog to confirm if it was a Pit bull. Officer Klapper obtained consent from Albertson to photograph her dog. The photograph was sent to Wade who confirmed the dog was a Pit bull or part Pit bull. Officer Klapper issued Albertson a citation for violating § 4-89 and informed her that she was free to leave. A true and correct copy of the March 27, 2020, incident report – including photographs taken of the dog - which establishes the above summary is attached hereto as Exhibit # 14. Exhibit # 14 is kept in the City's files.

30.    A true and correct copy of the March 27, 2020, citation issued to Albertson as kept in the City's records is attached hereto as Exhibit # 15.

31.    On April 17, 2020, Albertson executed her "Notification of Rights and Acknowledgement" form and entered a plea of guilty with respect to violating § 4-89. A true and correct copy of the executed "Notification of Rights and Acknowledgement" form executed by Albertson and dated April 17, 2020, is attached hereto as Exhibit # 16.

32.     Further, Albertson executed a "Guilty Plea by Mail" on April 17, 2020. As part of her plea, Albertson agreed to plead guilty to a violation of § 4-89 in exchange for a $350 fine, deferred imposition of sentence, no similar or criminal activity within 360 days of judgment, unsupervised probation, and to remove her dog from the City Limits within 5 days. A true and correct copy of Albertson's "Guilty Plea by Mail" signed by Albertson, Judge Zander, and myself, as kept in the City's records, is attached hereto as Exhibit # 17.

33.     Albertson provided a notarized statement dated April 17, 2020, indicating her dog will stay with a friend until the end of May when she will move her dog back to Covington, Georgia. A true and correct copy of the April 17, 2020, statement as kept in the City's records is attached hereto as Exhibit # 18.

34.     On April 23, 2020, Judge Zander executed an "Order Deferring Imposition of Sentence" consistent with the "Guilty Plea by Mail." A true and correct copy of the April 23, 2020, "Order Deferring Imposition of Sentence" as kept in the City's records is attached hereto as Exhibit # 19.

35.     Albertson complied with the terms of her plea and her case was dismissed. A true and correct copy of the "Register of Actions" for City of Williston v. Jyl Albertson, Case No. WI-2020-CR-00927 as found on the North Dakota Odyssey system is attached hereto as Exhibit # 20.

**Mathew Baumstark**

36.     The following summary of the incident leading to Baumstark's citation is based on the March 17, 2020, incident report which is kept in the City's files. At approximately 3:45 p.m on March 17, 2020, Animal Control Officers Moeller and Wade noticed Baumstark walking a black dog on a leash on 4th Ave. E in Williston. Officers Moeller and Wade approached Baumstark and determined his dog had characteristics of a Pit bull. Officer Wade believed the dog was a Lab,

Pit bull mix. Baumstark was issued a citation for violation of § 4-89. The dog was not vicious or aggressive, and was left in Baumstark's custody as there was not enough room at the Williston City Pound to impound the animal. Photographs were taken of the dog whose name was found to be Brutus. A true and correct copy of the incident report – including the pictures taken of the dog – as kept in the City's records is attached hereto as Exhibit # 21.

37.     A true and correct copy of the North Dakota Uniform Complaint and Summons issued to Baumstark – citing him for violation of § 4-89 – is attached hereto as Exhibit # 22. As shown on Exhibit # 22, Baumstark's initial appearance was scheduled for March 19, 2020.

38.     On March 19, 2020, Baumstark was presented with his "Notification of Rights and Acknowledgement" form that he executed on that date. Baumstark requested a continuance and requested a DNA test be performed on Brutus on that date. A subsequent court date was set for April 9, 2020. A true and correct copy of Baumstark's executed "Notification of Rights and Acknowledgement" as well as his written request for a DNA test and date of his next court appearance – as kept in the City's records – are attached hereto as Exhibit # 23.

39.     The City obtained a DNA sample from Brutus and sent it to WISDOM PANEL ™. On April 6, 2020, WISDOM PANEL ™ provided the results of the DNA test. The DNA test confirmed that Brutus was 50% American Staffordshire Terrier, 12.5% Labrador Retriever, 12.5% Pomeranian, and 25% other breed groups. A true and correct copy of the results received from WISDOM PANEL ™ with respect to the DNA test performed on Brutus as kept in the City's records are attached hereto as Exhibit # 24.

40.     On April 14, 2020, Baumstark executed a "Guilty Plea by Mail." Baumstark entered a plea of guilty with respect to the charge of violating § 4-89 in exchange for a $350 fine, and an agreement to remove the dog from City Limits within 5 days, among other conditions. A

true and correct copy of Baumstark's "Guilty Plea by Mail" as executed by Baumstark, Judge Zander, and me is attached hereto as Exhibit # 25.

41.     On April 16, 2020, Judge Zander executed an Order consistent with Baumstark's guilty plea.  A true and correct copy of the April 16, 2020, Order as kept in the City's records is attached hereto as Exhibit # 26.

42.     By documentation dated April 21, 2020, it was indicated Danika Owan elected to have Brutus euthanized.  Based on my review of the information in this litigation, it appears Owan was Baumstark's girlfriend and Brutus' owner.  I never required or suggested Brutus be euthanized. The only requirement per the plea was that Brutus be removed from the City Limits. A true and correct copy of the Authorization to Perform Euthanasia and Invoice from Western Veterinary Clinic as kept in the City's files are attached hereto as Exhibit # 27.

43.     A true and correct copy of the Register of Actions for <u>City of Williston v. Mathew</u> <u>Baumstark</u>, Case No. WI-2020-CR-00858 as it appears in the North Dakota Odyssey system is attached hereto as Exhibit # 28.

**<u>Emily Holly</u>**

44.     The background facts relating to Emily Holly's case relating to her violation of § 4-89 are explained in ¶¶ 2-7, 9 and the attachments to my February 3, 2021, affidavit which is filed in this action as Doc # 27.  Those facts are incorporated herein.

**<u>Lynette Cole-Perea and Manuel Perea</u>**

45.     Neither Lynette Cole-Perea nor Manuel Perea have ever been cited for violating § 4-89.

46.     On September 10, 2020, police responded to a complaint involving Lynette and Manuel where their dog was present.  As explained in the attached report, no citation for a violation

of § 4-89 was issued. A true and correct copy of the September 10, 2020, incident report as kept in the City's records is attached hereto as Exhibit # 29.

## Rickard Elementary School Playground Attack

47.     On July 1, 2019, a vicious Pit bull attack occurred on the Rickard Elementary school playground. The following summary of the attack is based on the incident reports generated by the responding officers: At approximately 3:49 p.m on July 1, 2019, the Williston Police were dispatched to the Rickard Elementary School playground - which is within City Limits – in response to a report that a group of dogs were attacking people. Upon arrival, officers observed a large group of people standing in front of the school. Officer Van Winkle observed a female with a lot of blood coming from the right side of her face. Van Winkle also observed a little boy with blood on his shirt and face. The children were at the park with their nanny. While in the emergency room, the nanny stated the dogs entered the playground area and began to attack one of the children. She fought the dogs off of the child and was then bitten in the face by a large pitbull looking dog. Help arrived and helped get the dogs off of them. The dogs inflicted injuries to the nanny, child, and one of the individuals who came to render aid. The nanny was transported to St. Alexius Medical Center via ambulance, the child was transported to the medical center by his mother, and the good samaritan drove himself to the medical center. Animal Control Officer Johnson evaluated the offending dogs and determined they were Pit bulls within the definition of § 4-89. Pictures were taken of the offending dogs. A true and correct copy of the incident reports, dog photographs, and photographs of injuries, and written witness statements, as kept in the City's records to support the above summary is attached hereto as Exhibit # 30.

48.     As shown in Exhibit # 30, it was determined the 5 Pit bulls belonged to Jason Larson. This was confirmed by Paige Spilde, who purported to be Larson's girlfriend. Spilde

informed the officers she believed the dogs were accidently let out of their yard by Larson's children.

49.     Larson was charged with 5 counts of violating § 4-89 in City of Williston v. Jason Larson, Case Nos. WI-2019-CR-01848, WI-2019-CR-01849, WI-2019-CR-01850, WI-2019-CR-01851, WI-2019-CR-01852. Larson entered a guilty plea and judgment was entered against him. A true and correct copy of Larsons' "Misdemeanor Petition to Enter Plea of Guilty" as kept in the City's records is attached hereto as Exhibit # 31. A true and correct copy of the judgments for Case Nos. WI-2019-CR-01848 and WI-2019-CR-01852 as kept in the City's records are attached hereto as Exhibit # 32.

50.     This highly publicized and graphic attack devastated the community. Had Larson complied with § 4-89, his dogs would not have been within the City Limits and the graphic injuries inflicted upon the nanny, young child, and rescuing individual would not have occurred. In my opinion as City Attorney, this attack highlighted one of the many reasons why § 4-89 is related to protecting the health, safety, and well-being of the citizens of Williston.

### History of the City's Pit Bull Ordinance

51.     As shown in Doc. 28-1, the City of Williston enacted Ordinance 687 which made it unlawful to keep, harbor, own, or in any way possess a Pit bull within the City limits effective March 1, 1987.

52.     Prior to the effective date of Ordinance 687, the pit bull ordinance was discussed at a February 24, 1987, City Commission meeting. A true and correct copy of the minutes from the February 24, 1987, meeting, as kept in the City's records, are attached hereto as Exhibit # 33. The minutes reflect two individuals voiced concerns over the ordinance. The minutes also reflect that the Williams County Sheriff reported an incident involving two pit bulls that persistently attacked

a lady and the officials trying to help her.  Further, the minutes reflect the Chief of Police discussed an article indicating three pit bull dogs killed a four-year old child.

53.       The Pit bull ordinance was revisited in late 2018 and early 2019 to ensure compliance with both State and Federal law.  The purpose of revising the ordinance was make sure there was an express exemption for situations which are protected by the Americans with Disabilities Act, as well as federal and state fair housing laws.  The result of this work was the creation of Ordinance 1100.  A true and correct copy of Ordinance 1100 is attached hereto as Exhibit # 34.

54.       The first reading of Ordinance 1100 took place at the February 12, 2019, regular meeting of the Board of City Commissioners.  A true and correct copy of the February 12, 2019, meeting minutes are attached hereto as Exhibit # 35.

55.       The second reading of Ordinance 1100 took place at the February 26, 2019, regular meeting of the Board of City Commissioners.  Ordinance 1100 was adopted by a unanimous vote at this meeting.  A true and correct copy of the February 26, 2019, meeting minutes are attached hereto as Exhibit # 36.

56.       Ordinance 1100 modified § 4-90 of the Williston City Ordinances to make clear the City Ordinance did not conflict with any applicable federal or state laws.

57.       The general prohibition on possessing pit bull dogs within the City limits was not changed by the adoption of Ordinance 1100.

Dated this 9th day of June, 2022.

By _____

Taylor Olson

On this 9th day of June, 2022, before me personally appeared Taylor Olson, known to me to be the person described in the within and foregoing instrument and acknowledged to me that she executed the same.

_____

Notary Public

MALLORY RIEDER
Notary Public
State of North Dakota
My Commission Expires April 7, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of June, 2022, a true and correct copy of the foregoing **SECOND AFFIDAVIT OF TAYLOR OLSON** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

| | |
|---|---|
| V. Gene Summerlin | gene.summerlin@huschblackwell.com |
| Ryann A. Glenn | ryann.glenn@huschblackwell.com |
| Amanda L. Wall | amanda.wall@huschblackwell.com |
| Sydney L. Hayes | sydney.hayes@huschblackwell.com |
| Attorneys at Law | |
| 13330 California St., Suite 200 | |
| Omaha, NE 68154 | |

By /s/ Brian D. Schmidt

BRIAN D. SCHMIDT